UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMRAN SHAFIGHI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID DADON, et al.,<br><br>　　　　　Defendants. | Case No. CV 21-04930-GW (RAOx)<br><br>**ORDER REMANDING ACTION AND DENYING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS** |

**I.**

**FACTUAL BACKGROUND**

In April 2020, Plaintiff Camran Shafighi filed an unlawful detainer action in Los Angeles County Superior Court against Defendants David Dadon and DOES 1-10. Decl. of Louis V. Kosnett, Ex. A ("Complaint"), Dkt. No. 6-1. Defendants are allegedly occupants of real property owned by Plaintiff and located in Van Nuys, California. Compl. ¶¶ 3, 4. Plaintiff asserts that Defendants have failed to comply after being served a notice to perform covenants or quit and seeks costs and damages. *Id.* ¶¶ 7, 10, 13, 17.

Defendant David Dadon (hereinafter, "Defendant") filed a Notice of Removal on June 17, 2021, invoking the Court's federal question jurisdiction. Notice of

Removal ("Removal"), Dkt. No. 1 at 2-3. Defendant also filed an application to proceed in district court without prepaying fees or costs. Dkt. No. 3.

## II.

## DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). It is this Court's duty always to examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further, a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Defendant asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1441. Removal at 2. Section 1441 provides, in relevant part, that a defendant may remove to federal court a civil action in state court of which the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a).

Here, the Court's review of the Notice of Removal and the Complaint makes clear that this Court does not have federal question jurisdiction over the instant matter under 28 U.S.C. § 1441. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386,

392, 107 S. Ct. 2425, 2429, 96 L. Ed.2d 318 (1987). Here, there is no federal question apparent from the face of the Complaint, which appears to allege only a simple unlawful detainer cause of action. *See Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C. D. Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law.") (citation omitted); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337-PA (DTBx), 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim).

There is no merit to Defendant's contention that federal question jurisdiction exists based on 42 U.S.C. § 1981. *See* Removal at 2. It is well settled that a "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393. To the extent Defendant is raising a defense to the unlawful detainer action based on 42 U.S.C. § 1981, that defense does not provide a basis for federal question jurisdiction. The Court also observes that instead of attaching the underlying unlawful detainer complaint in state court to his Notice of Removal, Defendant attaches a federal civil complaint he filed in this district in a different matter, CV 21-4681-JAK. *See* Dkt. No. 1-1. To the extent Defendant is relying on the claims pled in the attached complaint as defenses to the unlawful detainer action, these defenses also do not provide a basis for federal question jurisdiction.[1]

Although "a claim that seemingly rests solely on state law may nonetheless be removable" where federal law is found to have preempted state law, *see Galvez v. Kuhn*, 933 F.2d 773, 776 (9th Cir. 1991), there is no basis for finding preemption in the instant case. Because Plaintiff's complaint does not present a federal question,

---

[1] Case No. CV 21-4681 has since been dismissed. *See* ECF No. 5, *David Dadon v. Camran Shafighi et al.*, Case No. CV 21-4681-JAK-ASx (C.D. Cal. June 15, 2021).

either on its face or as artfully pled, the Court lacks jurisdiction under 28 U.S.C. § 1441.

### III.
### CONCLUSION

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Los Angeles, forthwith.

IT IS FURTHER ORDERED that Defendant's application to proceed in district court without prepaying fees or costs is DENIED as moot.

IT IS SO ORDERED.

DATED: June 28, 2021

_____
GEORGE H. WU
UNITED STATES DISTRICT JUDGE